CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 5 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BOBBY ANTONIO GOODWIN,           )
        Petitioner,               )        Civil Action No. 7:06cv00199
                                  )
v.                                )        **MEMORANDUM OPINION**
                                  )
UNITED STATES OF AMERICA,         )
        Respondent.               )        By: Samuel G. Wilson
                                  )        United States District Judge

This is a motion pursuant to 28 U.S.C. § 2255 by Bobby Antonio Goodwin, which liberally construed claims that in sentencing him the court imposed an improper sentence under the guidelines, violated his Sixth Amendment right to have a jury determine enhancements, and exceeded the statutory maximums for the two offenses to which he pled guilty, and claims that his counsel was ineffective in failing to object on those grounds. The government has moved to dismiss on the ground that Goodwin voluntarily relinquished his right to collaterally attack his plea and sentence. The court has no hesitancy in concluding that Goodwin voluntarily relinquished his right to collaterally attack his plea and the court's application of the guidelines. However, the court finds that his waiver does not extend to the claim that the court exceeded the statutory maximum, and although the court rejects Goodwin's claim that his term of imprisonment exceeded the statutory maximum, it finds the term of supervised release exceeded the statutory maximum by two years. Accordingly, the court vacates its judgment order to that extent.

I.

Goodwin and his co-defendant, Reginald Brown, pled guilty to, after having been

convicted of a felony, possessing a firearm that had been shipped or transported in interstate commerce in violation of 18 U.S.C. § 922(g) and after having been convicted of a crime of violence, possessing body armor in violation of 18 U.S.C. § 931. They entered their pleas pursuant to written plea agreements that waived their rights to appeal and to collaterally attack their pleas and sentences. Due to their extensive records, the court apprised the defendants that they might be subject to enhanced penalties under 18 U.S.C. § 924(e). Initially, their presentence reports indicated that they were. However, Goodwin objected, and the probation officer who prepared his report concluded that Goodwin did not have the qualifying convictions and amended his report, accordingly.[1]

At sentencing, the court concluded that they were equally culpable and had nearly indistinguishable criminal histories, although Brown had an additional predicate offense that subjected him to an enhanced term of imprisonment of 15 years to life under § 924(e). Consequently, the court imposed sentences that were as close to equal as the court could impose under the circumstances. On count one, the court sentenced Brown to 180 months imprisonment, the mandatory minimum due to the § 924(e) enhancement, and five years of supervised release and, on count two, 36 months concurrent and one year of supervised release, resulting in a total term of imprisonment of 180 months. The court sentenced Goodwin to 120 months imprisonment on count one, the maximum for a § 922(g) violation without the § 924(e) enhancement and, on count two, 36 months consecutive and one year of supervised release, resulting in a total term of imprisonment of 156 months.

_____

[1] Although the probation officer appears to have amended Goodwin's report in all other material respects, the officer and the court failed to note the corresponding reduction in Goodwin's supervised release range.

## II.

Goodwin appears to claim that the court erred under the guidelines in imposing

consecutive sentences for grouped offenses. Goodwin's plea agreement clearly waived his right

to collaterally attack his plea and sentence, and the Court fully advised him concerning the matter

during the plea colloquy. Nothing remotely suggests that his plea and his waiver were not

knowing, voluntary, and intelligent. Because his claim that the court imposed an improper

sentence under the guidelines is clearly within the scope of his waiver, the court dismisses the

claim. See United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005).[2]

## III.

Goodwin raises a convoluted claim based on United States v. Booker, 543 US 220

(2005). However, the claim is within the scope of his collateral attack waiver and barred. United

States v. Blick, 408 F.3d 162 (4th Cir. 2005) (waivers effective for Booker claims).[3]

## IV.

Goodwin claims that the combination of his imprisonment and supervised release exceed

---

[2] Furthermore, Goodwin did not appeal and, therefore, absent cause and prejudice, procedurally defaulted the claim, United States v.Mikalajunas, 186 F.3d 440 (4th Cir. 1999), and the claim is also meritless because the court had discretion to impose consecutive rather than concurrent sentences. United States v. Chase, 296 F.3d 247, 251 (4th Cir. 2002) ("no obstacle to stacking a defendant's sentences for grouped offenses").

[3] Moreover, his plea agreement expressly waived his right to have a jury determine his "offense level under the guidelines, including facts that support any specific offense characteristic or other enhancement or adjustment," and the court also sentenced him after the Supreme Court decided Booker under a constitutional regimen. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) ("[T]he use of extra-verdict enhancements in an advisory guideline system is not unconstitutional" under Booker).

3

the statutory maximum. Essentially, he contends that the combination of imprisonment and supervised release cannot exceed the maximum term of imprisonment for the underlying offense. Therefore, for example, Goodwin argues that because the court sentenced him to 120 months, the statutory maximum term of imprisonment for his § 922(g) offense, it could not impose an additional five years of supervised release. The government contends that Goodwin's collateral attack waiver precludes the argument. The court disagrees with the government, but nevertheless rejects Goodwin's claim that his term of imprisonment exceeds the statutory maximum.

A defendant who pleads guilty under a plea agreement that waives his right to appeal and collaterally attack his sentence ordinarily takes a chance that the court will sentence him to the statutory maximum. He does not take a chance that the court will exceed the statutory maximum, United States v. Wynn, 987 F.2d 354, 359 (6th Cir. 1993) (sentencing beyond statutory maximum plainly violated right to due process under Fifth Amendment); it is certainly not within the scope of a valid waiver, see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) ("a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute"); but see United States v. Blake, 408 F.3d at 171 (the question is not ordinarily one of the validity of the waiver but rather one of construction of the scope of the waiver); and the government has not argued that Goodwin procedurally defaulted the claim. Accordingly, the court will address the claim on its merits. United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993) (the court reached the merits of a defaulted claim because of the government's failure to argue for cause and prejudice review under United States v. Frady, 456 U. S. 152, 167-68 (1982)). See Yates v. Angelon, 166 F.3d 255, 261 (4th Cir. 1999) (federal habeas court possesses discretionary authority "to decide a

4

petitioner's claim on the basis of procedural default despite the failure of the state to properly preserve procedural default as a defense").

Goodwin argues that 18 U.S.C. § 3583(a) requires the court to impose supervised release "as part of the sentence," and he reads "sentence" to mean imprisonment. It then follows, he argues, that the combination of imprisonment and supervised release cannot exceed the statutory maximum term of imprisonment for the underlying offense. The court disagrees. Section 3583 (a) "allows the district court to include supervised release as 'part of the sentence,' not as part of the imprisonment." United States v. Jenkins, 42 F.3d 1370, 1371 (11th Cir. 1995). Therefore, "courts can order supervised release in addition to the maximum term of imprisonment available by statute." Id. It follows that Goodwin's 120 month term of imprisonment did not exceed the statutory maximum even though it was followed by supervised release.

For purposes of imposing a term of supervised release, the maximum term of imprisonment determines the maximum term of supervised release. Under 18 U.S.C. § 922(g), the statutory maximum sentence is 10 years. Because the statutory maximum sentence is 10 years, Goodwin's offense is a "Class C felony." Under 18 U.S.C. § 3583(b), a "Class C" felony is subject to not more than three years of supervised release. Therefore, despite finding that his term of imprisonment does not exceed the statutory maximum, the court nevertheless finds that the five-year term of supervised release imposed for the § 922(g) count exceeds the statutory maximum by two years and will vacate it to that extent.

## V.

The Court assumes, *without deciding,* that Goodwin's collateral attack waiver does not prevent him from raising his sentencing related ineffective assistance claims. Nevertheless, he

5

has not identified anything that satisfies both the deficient performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984) entitling him to § 2255 relief. Accordingly, the court dismisses this final claim.

## VI.

For the reasons stated, the court rejects all of Goodwin's claims except his claim that the court exceeded the statutory maximum term of supervised release by two years and will vacate his sentence to that extent.

**ENTER**: This August 15, 2006.

UNITED STATES DISTRICT JUDGE

6